RECEIVED

JUL 29 2019

BY MAIL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

FILED

JUL 29 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

ADAM DERBY,                          )

    PLAINTIFF,                      )

                                     )

-VS-                                 )

# 4:19CV2271 SRC

Richard Wiskus,

Chuck Lotz,

Jeanie Semor

Hannah Newmier

Dr. Kimberly Bye

all members of the Green

Belt

Committee

JOHN DOE, ET. AL.,          )          JURY TRIAL DEMAND

DEFENDANTS.                 )

## PLAINTIFFS COMPLAINT

Comes now, plaintiff Adam Derby, (Derby) as a prose litigant, and for his complaint, states to the court as follows:

## PRELIMINARY STATEMENT

**1.** This civil action arises under 42 U.S.C. § 1983 and the first and fourteenth amendment(s) to the United States constitution. Plaintiff Derby seeks compensatory damages, punitive damages, cost, and all legal fees.

## JURISDICTION AND VENUE

**2.** This court has jurisdiction over this action by virtue of 28 USC § 1331 and 1343 because the matters in controversy arise under federal law and the United States constitution.

3.  Venus is proper in this court under 28 U.S.C. § 1391 as the events giving rise to plaintiff's claims occurred in Farmington, Missouri.

## PARTIES

4.  Plaintiff Derby is a citizen of the United States of American and a resident of the State of Missouri.

5.  At all relevant times, Plaintiff Derby was a detained resident in the custody of the Missouri Department of Mental Health, pursuant to Missouri Revised Statute § 632.480 eq. al., at the Southeast Missouri Mental Health Center – Sex Offender Rehabilitation Treatment Services (henceforth "SMMHC-SORTS"), located at 1016 West Columbia, Farmington, Missouri 63640.

6.  Mr. Derby is presently a resident of the SMMHC-SORTS facility located at 1016 west Columbia, Farmington, Missouri 63640.

7.  Defendant John Doe (henceforth "Mr. Doe"), all members of the spiritual committee including but not limited to,  Richard Wiskus, Chuck Lotz, Jeanie Semor and Hannah Newmier also CEO Dr. Kimberly Buy and all members of the Green Belt Committee upon information and belief, was at all relevant times a enpoliey acting under the color of law at SMMHC-SORTS. Mr. Doe is being sued in his individual and official capacity. Defendant's last known work address, to plaintiff, was SMMHC-SORTS West Columbia St. Farmington mo 63640.

*Derby has made a sincere effort to locate or identify Mr. Doe, but has not. Upon a finding of his name Derby fully intends to amend this petition or otherwise notify the court.*

8.  At all relevant times, Defendants Jeanie Semor, Richard Wiskus, Chuck Lotz, Hannah Nwemier, Dr. Kimberly Buy, Brenda Swift, John/Jane doe and all members of the Green Belt Committee, were acting under the color of state law and either knowingly, willfully or recklessly caused plaintiff Derby to be deprived of his federal constitutional rights or reasonably should have known in the exercise of their duties that plaintiff Derby's constitutional rights were being violated, but failed to stop the violation despite having personal knowledge and the authority and duty to do so.

## COUNT 1

### [WHAT DID THE DEFENDANT DO?]

*Defendants Dr. Kimberly Buy, Jeanie Semor, Richard Wiskus, Chuck Lotz, Hannah Nwemier, John/Jane Doe and all members of the green belt committee are in violation of his first and fourteenth amendment rights. In addition, defendants are in violation of the religious land use and incarcerated persons act.*

Comes now, Plaintiff Adam Derby, and brings count 1-33 against defendant's Dr. Kimberly Buy, Jeanie Semor, Richard Wiskus, Chuck Lotz, Hannah Nwemier, Brenda Swift, John/Jane Doe and all members of the Green Belt Committee, and respectfully states to the court as follows:

Defendants acted with deliberate indifference and/or reckless disregard of plaintiff Derby's constitutional rights in the fallowing **ways**:

I hereby state that I am a sincere practitioner of the Wiccan religion and that the following are necessary for me to practice my beliefs and that the state has willfully and without cause denied me the requested. (NOTE: all page reference refer to the religious accommodations comities Approved Religious Accommodations)

**1: Wands**: A wand is a piece of wood or crystal that is about 12 to 18 inches long and cylinder in shape.

**2: Wooden Athame.** This is a non-sharpened religious knife made of wood.

**3: Idols/Status:** This is a representation of the God and Goddess. Idols/Status can be made of many types of material but cannot be made of plastic.

**4: Robes:** This is smellier to a dress with a hood. They can be made out of any cloth except nylon.

**5: Chalices:** A chalices is a name for a cup that is dedicated to religious use only and is not made of plastic.

**6: Books:** There is no one or singular "Wiccan Bible" for the practice of Wicca, many books are needed.

**7: Religious ceremonies on the day of our holidays.**

**8: Nighttime accommodations for full moon and sabot ceremonies.**

**9: Non-sexual nude images.**

**10: Open Flame fires.**

**11: 3 hours of time on SABBATS.**

**12: Wine for consumption on SABBATS.**

**13: Dream Catchers.**

**14: Rugs.** A small rug to place on the floor well prying or doing religious work.

**15: Bracelets with charms.**

**16: Rings with religious symbols and stones.**

**17: Tattoos.**

**18: Smudging personal religious items.** Burning sage to purify a religious item for use.

19. **Access to news programs and shows that allow us to be informed about politics and social issues.**

20: **Tea light candles for personal inside use.**

21: **Food on the Sabbath.**

22: **Alter cloths.**

23: **Alters**

24: **Foreign languages.**

25: **Religious Oils**

26: **Face Painting**

27: **Pentacle plates.** A small plate that has a pentagram on it. It can be made of a verity of materials other than plastic.

28: **Pipe.**

29:**Musical interments.** Normally some type of drum or flute, but can be just about any interment.

30: **Ouija boards or sprit boards.** A board use in deviation.

31: **Time outside daily.**

32: **A room for personal religious practice.**

**33: Food donations to the Wiccan religious feast.**

I will address the above one at a time to show how the state is in violation of the Religious land use and institutionalized persons act (RLUIPA).

RLUIPA prohibits the government form imposing a substantial burden on religious exercise unless the government can demonstrate 1, it is a furtherance of a compelling government interest and 2 it is the least restrictive means of furthering that compiling interest. I will take each clam separately. The state in many cases is also in violation of my first amendment rights to freedom of religious practice and freedom of speech as well as my fortieths amendment right to equal protection under the law. I will note when one meets this below.

**1. Wands:** The state does not allow wands in SORTS. This puts a substantial burden on my religious practice. There is no compelling interest in this case. Both pens and pencils are allowed in SORTS and both are similar to wands. In addition, if the state did have a compelling interest (which I do not believe) a blanket band on wands is and cannot be the least restrictive means of furthering that compiling interest, as required by RLUIPA. This also violates my first amendment rights to freedom of religious practice.

**2. Wooden Athame:** The state does not allow wooden anthames in SORTS. This puts a substantial burden on my religious practice. The state does allow plastic butter knifes under some restitutions and supervision. This is similar except that the butter knifes are substantially sharper than a wooden athame. As such, the state has demonstrated no furtherance of a compelling government interest. Even if the state did have a compelling interest (which I deny) then a blanket band on all athames is not the least restrictive means of furthering that interest. Putting the state in violation of my first amendment rights and RLUIPA.

**3. Idols/Status.** The state does not allow any status or idols in SORTS. I agree that the state has an interest in limiting this. A 50-pound statue or 30 of them could cause several ligament security concerns. However a blanket band on statues and idols is not the least restrictive means of furthering this interest. Weight limits and limits on the number of them can be imposed. Such as no more the 10-pounds and no more than six. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**4. Robes.** Robes for religious use are not allowed in SORTS. This puts a substantial burden on my religious practices. However, personal bathrobes are allowed and personal clothing is allowed under some restrictions. Robes can be and would be under the same restrictions of personal clothing. The

state cannot deny one thing for religious use and say the same thing, or similar thing, is allowed for non-religious use. This negates any invested interest in the limitation of religious items for practice. Even if the state did have a compelling government interest (which I deny) a blanket denial of all religious robes is not the least restrictive means possible. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**5. Chalices:** Chalices are allowed in SORTS, however they are under such extreme restrictions on weight and size as to be unusable for my religious practice and there for creating a substantial burden on my religious practices. The weight of a chalice can be no more than a maximum weight of .40 ounces with a height of no more than 8 inches. (Page 12 item #6) This is a lower weight than a personal cups that are allowed at SORTS. In addition, a laundry list of items allowed for personal use are of a greater weight, such as, shoes, books, electric razor ex. The same with height. The state is furthering no compelling interest by such extreme restrictions. Even if they are, (with I deny) it is not in the least restrictive way possible. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**6. Books.** SORTS only allows a small number of books. Six books personal and an unknown number for the Wiccan group locker, however we are told that it is about 20. This creates a substantial burden on my religious practice. I accept that the state has a compelling interest in limiting the number of books that are stored in the Wiccan locker and residents rooms. Due to space available. However, there is plenty of space in the Wiccan locker for additional books. There is also plentiful space in rooms for more the six books. I also recognize that the state has a compelling interest in the number of Wiccan books do to coast to the state. However, I am willing to buy books for the locker and donate them in, also to have books donated for outside sources. Do to this the limits on books are not the least restrictive means possible to further the states compelling interest. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**7. Religious ceremonies on the day of our holidays.** (Page 27 Mandatory Holy Days) "There are two types of holy days in Wicca, Sabbats and Esbats. There are eight Sabbats per year with are related to the annual cycle of the sun. There eight Sabbats are commonly called d the wheel of the year. There are two Esbats per month, which are related to the monthly cycle of the moon. Observed altogether, there is result in a

Wiccan holy day about every two weeks, not unlike Christianity's observance of a holy day once a week on Sundays. October 31 Samhain, the Celtic New Year. December 21 (Varies) Yule or Winter Solstice (usually includes a feast.) February 2 inmbolc. Candlemas or Bridget March 21 (Varies) Vernal Equinox..., Ostara. April 30 Beltane, May eve or Lady Day (in some traditions, May 1st) June 21 (varies) Litha or Summer Solstice. Aguste 1 Lughnasa, Lughnassad or Lammas. September 21 (Varies Autumnal Equinox, Mabon or Harvest Home) Esbats: full moon every month, consult a calendar of the current year for exact new moon every month, consult a calendar of the recurrent year for exact days." However, they only accommodate one of the above mandatory holy days, that is Samhain. (page 8 Special Services) This puts a substantial burden on my religious practice. Honoring the holidays on the day is an essential part of my religious practice. It is necessary for me to have access to the full array of all the ritual tools to do this. Also to have other wiccans there to celebrate with. I recognizes that the state has a compelling interest in limiting the number of services a religious group has. For ex., it would put a substantial burden on the state if one religious grope had four services a day. The staffing would be a problem. However, we are asking for 8 a year and one on the day of the month that is a full moon. SORTS provides staffing for between 15 to 20 special non-religious events a year, where more staff are need then would be for a wiccan service/ceremony. There

for the state has does not meet the burden of least restrictive means

possible. In addition, I would argue that a state could not provide staffing

for non-religious events and then say they do not have the staffing for

religious one when the residents are of the same or similar security level.

This places the state in violation of my first amendment rights to freedom

of religious practice and my fortieth amendment rights of equal protection

under the law as well as RLUIPA.

**8. Nighttime accommodations for full moon and sabot ceremonies.** The state does not

provide service after dusk. It creates a substantial burden on my religious

practice. We have a place outside to warship. I can see no compelling

interest by the state to not allow service outside at night. The aria for that

has out "outside circle" is well lit by many outside streetlights. No less

than 10 street lamps placed about every 10 feet. All things are in plain and

clear site. The building, the fences, and so on. Even if there were a

compelling interest (which I deny) in preventing use form being outside

after sunset, an all-out band would not be the least restrictive mean

possible, as we can use inside facilities. This places the state in violation of

my first amendment rights to freedom of religious practice and RLUIPA.

**9. Non-sexual nude images.** The state does not allow any nude images into SORTS.

Non-sexual nude images are a basic part of my religious beliefs, such as

what would be found in the Rider Weight Tarot deck or in The Witch's Bible by Gerald Brousseau Gardner the father of Wicca. Not having the above puts a substantial burden on my religious practices. I see no compelling interest on the part of the state to prevent non-sexual nude images. Even if there is, (which I deny) then an all-out band is not the least restive way possible to advance that compelling interest. For example, the state could censor the nudity. The Which Bible has one nude image in it that could be marked out or even removed. The state refuses even this. This places the state in violation of my first amendment rights to freedom of religious practice, freedom of speech and RLUIPA.

**10. Open flame fires.** The state allows no open flame fires in the SORTS facility. This creates a substantial burden on my religious practice. I grant that the state has a compelling interest in this. Boned fires could be a fire hazard and indeed are. However, an all-out band on open flame fires is not the least restrictive mean possible. Having a set aside time, place, and limit on size that meets safety concerns is. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**11. 3 hours of time on SABBATS.** ( page 27 Frequency of Meetings) "Meeting times are allowed weekly for one hour. In the case of inclement weather, the group may meet inside." To celebrate/honor/worship on a sabot, it is necessary to do a ritual. The time it take is as fallows. 15 to 20 to pick up the resident for the ritual, 15 to get the religious items out of the locker, 15 to 20 mints to set up, 15 mints to prepare by smudging, grounding and centering (a meditative practice) and being blessed by the high priest, 1 hour for the body of the ritual, 15 to 20 clean up after and 1 hour to eat in honor of the Gods. Not allowing this creates a substantial burden on my religious practice. I see no compelling interest by the state in not allow the 3 hours needed. However even if there is one (which I deny) then 50 min. (the currently allowed time for all service but the Samhain services which is 2 hours) is not the least restrictive means possible. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**12. Wine for consumption on SABBATS.** Cake and wine ceremonies are as basic a part of Wiccan as the commune is for the Catholic Church. Denying us this put a substantial burden on my religious practice. I agree that the state has a compiling interest in limiting this. For the ceremony, it would only take the consumption of one small sip of wine. This is not enough to create any

type of state of intoxication. In addition, if the state did have a compelling

interest that the least restrictive means to further, as required by RLUIPA,

is a complete band on all alcoholic beverage, regardless of the amount,

then grape juice can be used. The Catholics are approved to use grape

juice and crackers. "...the state may not choose whose religious practices

to accommodate as between group whose level of supervision is the same

and where the protesting group can be accommodated in an existing

structure under existing procedures." (Antony Thomas Chernetsky V.

Nev. 2014 U.S. Dist. LEXIS 29571.) This places the state in violation of my

first amendment rights to freedom of religious practice and RLUIPA.


**13. Dream Catchers.** I state that dream catchers are a major part of my religion and that

the state prevents wiccans for having them at SORTS. This places a

substantial burden on my religious practice. The state has no compelling

interest in limiting this right. In fact the state allows Native Americans to

have dream catchers. Even if the state did then a blanket band on all

dream catchers is not the least restive means to further there compelling

interest. This places the state in violation of my first amendment rights to

freedom of religious practice, fourteenth amendment rights to equal

protection under the law and RLUIPA.

**14. Rugs. A small rug to place on the floor well prying or doing religious work.** The state does not allow rugs in SORTS. This places a substantial burden on my religious practice. The state has a compelling interest in limiting the size and types of rugs allowed. However, a blanket denial of rugs is not the least restrictive means possible to further that interest. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**15. Bracelets with charms.** The state does not allow bracelets with charms in SORTS. It should be noted that the police does allow for bracelets with some restrictions, and that there is no police against bracelets with charms. SORTS simply will not approve an order for a bracelet with charms. This palaces a substantial burden on my religious practice. The state has a compelling interest in limiting the number of charms, the size and type. However, a blanket band on all charm bracelets is not the least restrictive means possible to further this interest. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**16. Rings with religious symbols and stones.** The state does not allow rings with stones in them. This places a substantial burden on my religious practice. I

agree that the state has a compelling interest in limiting this right; however, a blanket band on this is not the least restrictive means to further the states compelling interest. Size, cost, set, and number of stones can be limited to meet any state compelling interest. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**17. Tattoos.** The state does not allow resident of SORTS to get any tattoos. This places a substantial burden on my religious practice. Tattoos of power animals and symbols and the gods, is one of the, if not the, oldest form of pagan/wiccan warship/practice. I agree that the state has several compelling interest in restricting tattoos. Such as the possibility of infection, altering appearance and appropriate content. However, I believe that any compelling interest can be addressed without an all-out band on tattoos. A licensed tattoo artist will and can provide a sterile and safe tattoo, the tattoos can be preapproved for appropriate content and would be well documented, not only making the altered appearance well documented, but would make identifying the person easier. An all-out band is not the least restrictive means possible to advance their interest. This places the state in violation of my first amendment rights to freedom of religious practice, freedom of speech and RLUIPA.

**18. Smudging personal religious items. Burning sage to purify a religious item for use.** The state does not allow SORTS residents to bring personal religious items to religious services. As we are only allowed to burn sage at service this makes it imposable to smug/purify personal items for religious use. This put a substantial burden on my religious practice. There is no compelling state interest in preventing the SORTS residents form bring personal religious items to service. In fact they do allow bible or like personal books to be brought. Even if there is a compelling interest (which I deny) then a blanket band on it is not the least restive means possible. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**19. Access to news programs and shows that allow us to be informed about politics and social issues.** The state has implemented a 10:30 pm "quit time" at SORTS. This means that the TV is turned off. This prevents me from watching many news, talk shows and other programs that keep me informed about the Arts, politics, current events, and other programming. This places a substantial burden on my religious practice.

The state has said that the reason for this is that the sound might bother
other residents. I argue that this is not a compelling interest in limiting my
religious practice. Even if it is, (which I deny) then the least restrictive
means to meet this would be to place the TV on closed captions after 10:30
pm. This places the state in violation of my first amendment rights to
freedom of religious practice and RLUIPA.

**20. Tea light candles for personal inside use.** The state does not allow tea light candles
to be used in residential rooms for personal practices. This places a
substantial burden on my religious practice. Candles are used in all
Wiccan practice. I agree that the state has a compelling interest to limit the
use of candles in room to some degree do to fire risk. However, a blanket
banned on all candles is not the least restrictive means possible to further
this interest. Even if it is, (which I deny) then there are LED tea light
candle that are battery operated and give off no or very little heat that can
be used in place of tea light candle. This places the state in violation of my
first amendment rights to freedom of religious practice and RLUIPA.

**21. Food on the SABBATS.** The state only allows SORTS resident to have food on one
holiday a year. In the case of wiccans, it is Samhain on October 31. This

places a substantial burden on my religious practice as feasting is a major part of the pagan/wiccan religious beliefs. I agree that the state has a compelling interest in limiting this do to the cost of the state in provide extra meals. However, a blanket band on this is not the least restrictive means possible to further this interest. We can provide the food or the funding for the food for the other 7 holidays.  This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

22. **Alter cloths.** (page 12 item 4) "Altar Cloth Maximum 36'x40" no dark colors." This places a substantial burden on my religious practice and furthers no state compelling interest. The state has no compelling interest in the above limits. We are allowed sheets in our room that are of a much greater size then 36x 40 inches. In addition, I can see no compelling interest in color restrictions other than those of personal clothing. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

23. **Alters**. The state does not allow alters as personal items in SORTS. This places a substantial burden on my religious practice. I agree that the state has a

compelling interest in limiting the size of alters. However, a blanket band
on them is not the least restrictive means possible to further the states
compelling interest. This places the state in violation of my first
amendment rights to freedom of religious practice and RLUIPA.

**24. Foreign languages.** The state does not allow state residents to use any foreign
languages (any languages other than English). This places a substantial
burden on my religious practice. Many of our books have runs in them
and many of our rituals have parts spoken in Walsh, Gallic or latent. The
state has no compelling interest in denying or restricting the use of foreign
languages. Even if it did, a blanket band on the use of foreign languages is
not the least restrictive means to further that interest. This places the state
in violation of my first amendment rights to freedom of religious practice,
freedom of speech and RLUIPA.

**25: Religious Oils.** The state does not allow residents of SORTS to have keep religious
oils on person. This places a substantial burden on my religious practice
and does not further any compelling state interest. Even if the state does
have a compelling interest than a blanket band on all oils is not the least

restrictive means possible to advance that interest. This places the state in

violation of my first amendment rights to freedom of religious practice

and RLUIPA.

**26: Face Painting:** The state does not allow face painting at SORTS for the Wiccan holy

days. This places a substantial burden on my religious practice. I

recognize that the state has a compelling interest in limiting this right.

However, a blanket band is not the least restrictive means possible to

advance their compelling interest. A limit on when, what kind of pants

and what was painted on the face can addresses any compelling interest

the state may have. This places the state in violation of my first

amendment rights to freedom of religious practice and RLUIPA.

**27: Pentacle plates.** The state does not allow residents of SORTS to have pentacle plate

as personal religious items. This places a substantial burden on my

religious practice. The state has a compelling interest in limiting the

number, size and weight of a pentacle plate but a blanket band on them

for personal use is not the least restive means of furthering this interest.

This places the state in violation of my first amendment rights to freedom

of religious practice and RLUIPA.

**28: pipes.** The state does not allow pipes for Wiccan residents of SORTS. However,

they do allow them for Native American. ( page 22 item 9 under native

American individual items). This negates any compelling interest the state

may have had. "The state may not choose whose religious practices to

accommodate as between group whose level of supervision is the same

and where the protesting group can be accommodated in an existing

structure under existing procedures." (Antony Thomas Chernetsky V.

Nev. 2014 U.S. Dist. LEXIS 29571.)" This places the state in violation of my

first amendment rights to freedom of religious practice, fourteenth

amendment right to equal protection under the law and RLUIPA.

**29:** The state does not allow SORTS residents to have musical interments as a personal

item. This creates a substantial burden on my religious practice. I can see

some compelling interest the state might have, such as noise levels, size,

storage and sanitation. However, there are already several police that deal

with the issues. Such as with sanitation we have personal electric razors

that are kept behind the nurse's station when not in use. The residents ask

for them when needed. This would address most if not all of the above

issues. The rest can be dealt with by the polices on musical interments for

group use. Therefore a blanket band on interments for personal use is not

the least restrictive means possible to further the state compelling interest. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**30: Ouija boards or sprit boards.** The state does not allow residents of SHORTS to have Ouija/Sprit boards. The state allow many types of board games for the wards. They are of the same type of material and size as Ouija/Sprit Boards. In fact, Ouija/Sprit boards are often sold as a board game. Therefore the state has no compelling interest in a band on Ouija/Sprit boards. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

**31: Time outside daily.** The state does allow SORTS residents time to go outside on most days. However, there are time during the winter when policy does not allow SORTS residents outside for weeks and even potentially months on end. This puts a heavy burden on my religious practice. This happens when the temperature is under 25 degrees wind chill. The state at times has a compelling interest in limiting the time a resident can spend outside and even at times for weather reason closing the yard or outside access altogether. However, I see no compelling interest in closing the yard do to

temperature. We are allowed to have coats, cloves and other warm

clothing. They would have a compelling interest even in denying access to

the yard to someone who would refuse to wear appropriate clothing. Even

if they do have, a compelling interest to close the yards for temperature,

which I deny, 25 degrees is not the least restive means to further that

interest. This places the state in violation of my first amendment rights to

freedom of religious practice and RLUIPA.


**32: A room for personal religious practice.** The state does not allow SORTS residents

access to a room at their request for privet practice. This places a

substantial burden on my religious practice. The state has a compelling

interest in limiting the use of rooms at SORTS, for staffing reasons and

availability. However, a blanket band on this is not the least restive means

possible to further this interest. The SORTS resident could provide

advance notice of when the room is needed. Any room that is not in use

would be acceptable. In addition, it could be and would be based on

availability. Restriction on how many times a week on could be requested

can also be limited. This I believe would address any compelling interest

the state has in the least restrictive means possible. This places the state in

violation of my first amendment rights to freedom of religious practice

and RLUIPA.

**33:** The state has forbid the Wiccan group for having food donated to the Wiccan feast unless the food is donated by a Wiccan group. This is violation of RLUIPA and the first amendment freedom of religious practice the state has no invested interest in only allowing organizations that of that faith to donate to the same faith. This places the state in violation of my first amendment rights to freedom of religious practice and RLUIPA.

In conclusion, the state is not only violating my right to religious worship; it is doing so without a compelling interest or in the least restrictive means possible, as required by several law, both federal and state. I ask that the court innerving and order the state to come into compliance with my First Amendment right to freedom of religious practice, my First Amendment right to freedom of Speech, RLUIPA and the state Sexual Violent Predators act which requires the state to hold it SORTS residents in the least restive environment possible and provide me with the above. I am also asking for $1 monetary compensation in punitive damages, all legal cost and actual cost and any other damages and/or relief the court deems fit.

Wherefore, plaintiff Derby prays in count 1-33 for judgment against defendants for compensatory and punitive damages in an amount of one dollars, all legal fees, and for such other and further relief as this Court deems just and proper.

Under federal rule of civil procedure 11, by singing below, I certify to the vest of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase that cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so indentified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise compiles with the requirements of rule 11.

I

I agree to provide that clerk's office with any changes to my address where case-related papers my be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the forgoing is true and correct.

Sind this 23 day of ___July___ ,2019.

Signature of plaintiff _____

Respectfully Submitted,


Adam Derby

SMMHC-SORTS

1016 West Columbia Street

Farmington, Missouri 63640

<u>Proof of service</u>

   I Adam Derby, certify that a true and complete copy of the above pleading was sent to the Attorney General's Office at _____ on the <u>20</u> of November, 2018


Sworn, _____