UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAM DERBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-2271 SRC |
| | ) |
| RICHARD WISKUS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On November 21, 2019, the Court granted *pro se* Plaintiff Adam Derby *in forma pauperis* status and reviewed his 42 U.S.C. § 1983 Complaint under 28 U.S.C. § 1915(e). *See* ECF No. 3. The Court found that the Complaint contained sufficient factual allegations to survive initial review but that the case could not proceed until it was clear that Plaintiff had named the proper defendants in the proper capacities. The Court directed Plaintiff to file an amended complaint to cure the pleading deficiencies, but warned Plaintiff that his amended complaint would be reviewed under 28 U.S.C. § 1915(e) as well. On December 20, 2019, Plaintiff filed a Motion to Amend Complaint with an attached Amended Complaint. ECF No. 5. For the reasons discussed below, the Court will grant Plaintiff's Motion to Amend and will direct the Clerk of Court to issue process on the Amended Complaint.

**A.     Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**B.**     **Background**

Plaintiff is in the custody of the Missouri Department of Mental Health pursuant to the Missouri Sexually Violent Predator Act, Mo. Rev. Stat. § 632.480 *et seq.*, and is being detained at the Sexual Offender Rehabilitation and Treatment Services Center ("SORTS").  Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his first amendment right to freedom of religion; his fourteenth amendment right to equal protection under the law; and violations of the Religious Land Use and Incarcerated Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*.

Plaintiff describes himself as a "sincere practitioner of the Wiccan religion" and his initial Complaint alleged that he was being denied thirty-three (33) necessary items or accommodations for the practice of his religion. ECF No. 1 at 3. Plaintiff named as defendants in his initial Complaint all members of the "spiritual committee" and the "Green Belt Committee" – but Plaintiff did not clarify what these committees were. ECF No. 1 at 2 ¶ 7. Specifically, Plaintiff named: (1) Richard Wiskus, (2) Chuck Lotz, (3) Jeanie Semor, (4) Hannah Newmier, (5) Dr. Kimberly Buy, (6) all members of the Green Belt Committee, and (7) John Doe. Plaintiff specified that he was suing John Doe in both his individual and official capacities, but he did not specify in what capacities the other defendants are being sued.

On November 21, 2019, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and found that he has alleged sufficient factual allegations to survive initial review but that he needed to clarify the named defendants. *See* ECF No. 3 at 8. Specifically, the Court found three major problems with the defendants named in the initial Complaint. First, it was unclear from the initial Complaint whether the named defendants were officials or employees of SORTS or the Missouri Department of Mental Health and if so, whether they had decision-making power at SORTS in regards to access to religious practice and materials. Second, the initial Complaint did not make sufficiently specific allegations to permit the identity of the John Doe defendant to be ascertained after reasonable discovery. Also, if the John Doe defendant named in the initial Complaint is a prison official, an individual-capacity claim may not be asserted against him because RLUIPA does not authorize individual-capacity claims against prison officials. Third, the initial Complaint does not specify the capacity in which any of the defendants (except John Doe) are being sued. *Id.* at 8-11.

## C.     Motion to Amend and Amended Complaint

Plaintiff filed a Motion to Amend Complaint with an attached Amended Complaint on December 20, 2019.  ECF No. 5.  Plaintiff's Amended Complaint contains essentially the same factual allegations as those alleged in the initial Complaint, with the addition of some new alleged facts related to one of the requested religious items.  Furthermore, the Amended Complaint clarifies the missing information concerning the named defendants, as requested in the Court's prior Order.

Like the initial Complaint, the Amended Complaint is brought under 42 U.S.C. § 1983 for violations of Plaintiff's first and fourteenth amendment rights to the free exercise of religion and equal protection, and for violations of the RLUIPA.  Although the case caption is still unclear,[1] Plaintiff provides a detailed list of the eight named defendants: (1) Jeanie Semor; (2) Richard Wiskus; (3) Chuck Lotz; (4) Hannah Newmier; (5) Denice Hacker;[2] (6) Dr. Kimberly Bye;[3] (7) Brenda Swift; and (8) John Doe.  ECF No. 5-1 at 2-6.  All defendants are named in their official capacity only.  Also, all defendants were employed by the Missouri Department of Health, at SORTS, during the relevant time period at issue.  *Id.*

Defendants Semor, Wiskus, Lotz, Newmier, and John Doe are described as voting members of the SORTS spiritual committee, also called the Green Belt Committee.  Plaintiff states that SORTS will not provide a written description of the precise responsibilities of the

---

[1] It is unclear from reading the case caption alone whether Plaintiff is attempting to name "All members of the Green Belt Committee" as a defendant, or if he is using that phrase to describe the named defendants.  *See* ECF No. 5-1 at 1.  However, Plaintiff clarifies this issue later by providing a numbered list of named defendants and by stating "Note: [Plaintiff] Derby is not bringing a complaint against the Green Belt committee itself, instead he is bringing his complaint against the members of the green belt committee."  *Id.* at 5.

[2] Defendant Denice Hacker was not named in Plaintiff's initial Complaint.  Plaintiff explains in his Motion to Amend that Hacker is the Chief Operating Officer at SORTS and that she is "directly responsible for claims in the complaint."  ECF No. 5 at 1.

[3] Plaintiff notes that this is a change to the correct spelling for defendant Bye's last name.  ECF No. 5 at 1.

spiritual committee but he defines it as the committee "responsible for the development, maintaining of and the implementing of the restrictive and discriminating policies that are being challenged." *Id.* at 6. John Doe is described as an unnamed member of the SORTS spiritual committee. Hacker is the Chief Operating Officer at SORTS, Bye is the Director of Treatment Services at SORTS, and Swift is the SORTS grievance coordinator. *Id.* at 2-7.

Plaintiff, as a "sincere practitioner of the Wiccan religion," again alleges that he is being denied necessary items or accommodations for the practice of his religion. *Id.* at 7-10. These items/accommodations include: (1) wands; (2) wooden athames;[4] (3) "idols/status";[5] (4) robes; (5) chalices; (6) books; (7) religious ceremonies on the day of holidays; (8) nighttime accommodations for full moon and sabbat (holy days) ceremonies; (9) non-sexual nude images; (10) open flame fires; (11) three hours of time on sabbats; (12) wine for consumption on sabbats; (13) dream catchers; (14) rugs; (15) bracelets with charms; (16) rings with religious symbols and stones; (17) tattoos; (18) smudging personal religious items;[6] (19) access to news programs and shows that "allow practicing WICCANS to be informed about politics and social issues"; (20) tea light candles for personal inside use; (21) food on the Sabbath; (22) alter cloths; (23) alters; (24) foreign languages; (25) religious oils; (26) face painting; (27) pentacle plates;[7] (28) pipes;

---

[4] Plaintiff describes a 'wooden athame' as "a non-sharpened religious knife made of wood." *Id.* at 3. However, an "athame" is defined as "a usually black-handled, double-edged dagger that is used in some neo-pagan and Wiccan rituals." *Merriam-Webster Online Dictionary* (Nov. 12, 2019, 2:34 PM), https://www.merriam-webster.com/dictionary/athame.

[5] Plaintiff labelled this item as "Idols/Status" which the Court interprets as meaning "idols" and "statutes." ECF No. 1 at 3.

[6] Plaintiff explains this item as "[b]urning sage to purify a religious item for use." *Id.* at 4.

[7] Plaintiff explains this item as a non-plastic, "small plate that has a pentagram on it." *Id.* at 5.

(29) musical instruments; (30) Ouija boards or spirit boards; (31) time outside daily; and (32) a room for personal religious practice.[8]  *Id.* at 8-10.

Plaintiff asserts the same factual allegations and makes the same legal arguments concerning each of these religious items as he made in his initial Complaint.  These were summarized in the Court's prior Order and need not be restated here in detail.  *See* ECF No. 3 at 6-8.  The one notable exception is that Plaintiff states that "based on new facts discover[ed]," he has added new arguments concerning his number 9 request of "non-sexual nude images."  ECF No. 5 at 1.  In his initial Complaint, Plaintiff argued that the complete ban of publications which contain non-sexual nude images is not the least restrictive method of advancing the state's interest.  Plaintiff asserted that SORTS could mark out or remove the single nude image from one of the religious texts which Plaintiff would like to obtain for his religious practice, instead of prohibiting the text altogether.  ECF No. 1 at 11-12.  In his Amended Complaint, Plaintiff notes that he has recently learned information that supports his argument concerning non-sexual nude images.  He states that he has discovered that residents at SORTS are already being shown pornography as part of one of the treatment tests that residents must pass to advance through the SORTS system.  ECF No. 5-1 at 16.  Also, Plaintiff states that some SORTS residents are receiving tattoo magazines and books which contain nude images.  But, instead of prohibiting the texts altogether, a SORTS unit caseworker is going through the publication and marking out nude images.  Plaintiff argues that the same marking out or removing of nude images should be used by SORTS for review of his requested religious texts and tarot cards.  *Id.* at 16-17.

---

[8] This is the same list as included in Plaintiff's initial Complaint except that Plaintiff removed requested item 33 which was "Food donations to the Wiccan Religious Feast."  *See* ECF No. 1 at 6.  Plaintiff explains in his Motion to Amend Complaint that this item was removed because "defendants have now changed that policy and allows donations from any religious group."  ECF No. 5 at 2.

For relief, Plaintiff seeks an order from the Court requiring the defendants "to come into compliance" with his constitutional and RLUIPA rights. Plaintiff also seeks legal costs and other damages or relief deemed just and proper by the Court. ECF No. 5-1 at 29.

**D.   Discussion**

Plaintiff, a civil detainee, alleges violations of his rights under the Free Exercise Clause of the First Amendment of the United States Constitution, and his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff is a practitioner of Wicca. For the purposes of this Order, the Court accepts as true that Wicca is a religion recognized and accommodated by the Missouri Department of Corrections. *See Izquierdo v. Crawford*, No. 1:05CV192 CDP, 2007 WL 2873210, at *1 (E.D. Mo. Sept. 26, 2007). Plaintiff claims that the denial of "necessary" religious items and accommodations has substantially burdened the practice of his religion. Plaintiff argues that the state does not have a compelling interest in denying these items and accommodations to him. Plaintiff states further that even if the state did have a compelling interest in denying such items, SORTS' blanket ban of many of these items is not the least restrictive means of furthering the state's compelling interest, as required by RLUIPA.

The Court found in its November 21, 2019, Order that Plaintiff's Complaint alleged sufficient factual allegations to survive initial review of his claims of violations of the First Amendment right to free exercise of religion and RLUIPA. *See* ECF No. 3 at 4-8. As Plaintiff's Amended Complaint contains the same allegations with a few additional facts, the Amended Complaint also survives initial review of these claims. The issue here is whether Plaintiff cured his pleadings deficiencies regarding the named defendants with the filing of his Amended Complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Plaintiff asserts in his Amended Complaint that all defendants "knowingly, willfully or recklessly caused plaintiff Derby to be deprived of his federal constitutional rights or reasonably should have known in the exercise of their duties that plaintiff Derby's constitutional rights were being violated, but failed to stop the violation despite having personal knowledge and the authority and duty to do so." ECF No. 5-1 at 2.  Plaintiff states that all eight defendants are (or were at the relevant time) employees of the Missouri Department of Health at SORTS.  As to defendants Semor, Wiskus, Lotz, Newmier, and Doe, they are all voting members of the spiritual committee at SORTS.  As for defendants Hacker (chief operating officer at SORTS) and Bye (director of treatment services at SORTS), plaintiff alleges both are responsible for implementing the policies and restrictions that Plaintiff challenges.  *Id.* at 7.  Defendant Swift is the head of the resident's rights committee at SORTS, a committee which "votes if a resident can grieve an issue" and they "voted that the policies and restrictions being challenged were not a violation of resident's rights and could not be grieved."  *Id.*  Plaintiff clearly alleges in the Amended Complaint that all named defendants are officials or employees of SORTS or the Missouri Department of Mental Health, and that they all have decision-making power at SORTS in regards to access to religious practice and materials.

In general, fictitious parties may not be named as defendants in a civil action.  *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the

identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, Plaintiff identifies John Doe as an unnamed member of the SORTS spiritual committee. This is sufficiently specific to allow the case to proceed against John Doe.

In addition, Plaintiff clarifies in the Amended Complaint that he brings suit against all defendants in their official capacities only. For relief, Plaintiff seeks access to the requested religious items; he does not request money damages. *See* ECF No. 5-1 at 28-29. RLUIPA allows official capacity claims against prison officials, but it does not authorize monetary damages based on official-capacity claims. *See Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009).

Plaintiff has cured the pleading deficiencies in his initial Complaint. Therefore, the Court finds that Plaintiff's Amended Complaint survives initial review under 28 U.S.C. § 1915(e)(2), and will direct the Clerk to issue process or cause process to issue against the defendants on Plaintiff's Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint [ECF No. 5] is **GRANTED**. The Clerk of Court shall detach Plaintiff's Amended Complaint [ECF No. 5-1] and docket it separately.

**IT IS FURTHER ORDERED** that the Clerk of Court shall correct the docket sheet to reflect the defendants named in the Amended Complaint by removing defendant "Green Belt Committee" and adding defendants "Denice Hacker" and "Brenda Swift."

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Amended Complaint as to defendants Jeanie Semor, Richard Wiskus, Chuck Lotz, Hannah Newmier, Denice Hacker, Dr. Kimberly Bye, Brenda Swift, and John Doe, in their official capacities.  Defendants shall be served with process in accordance with the waiver agreement the Court maintains with the Missouri Attorney General's Office.

Dated this 24th day of April, 2020.

SLR.CR

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE