UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAM DERBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-2271 SRC |
| ) | |
| RICHARD WISKUS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. Doc. 20. Defendants argue that Plaintiff's Second Amended Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and because Defendants are entitled to certain immunities. Alternatively, Defendants move for an Order requiring Plaintiff to make a more definite statement of the matters in his Second Amended Complaint. Self-represented Plaintiff has responded to the motion and Defendants have filed a reply, so the matter is now fully briefed for the Court's review. For the reasons stated below, the motion will be denied in part and granted in part. Plaintiff's official-capacity claims brought under 42 U.S.C. § 1983 and claims for monetary relief will be dismissed. However, Plaintiff's claims brought under the Religious Land Use and Incarcerated Persons Act (RLUIPA) survive dismissal. As such, the Court will issue a Case Management Order by separate order.

**Background**

Plaintiff is in the custody of the Missouri Department of Mental Health pursuant to the Missouri Sexually Violent Predator Act, Mo. Rev. Stat. § 632.480 *et seq.*, and is being detained at the Sexual Offender Rehabilitation and Treatment Services Center ("SORTS"). Plaintiff

brings this action under 42 U.S.C. § 1983, alleging violations of his First Amendment right to freedom of religion and his Fourteenth Amendment right to equal protection; and violations of the Religious Land Use and Incarcerated Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*.

Plaintiff describes himself as a "sincere practitioner of the Wiccan religion" and his initial Complaint alleged that he was being denied thirty-three (33) necessary items or accommodations for the practice of his religion.  Doc. 1 at 3.  On November 21, 2019, the Court reviewed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) and found that he had alleged sufficient factual allegations to survive initial review but that he needed to clarify the named defendants.  *See* Doc. 3 at 8.  As such, the Court directed Plaintiff to file an amended complaint.

Plaintiff filed a Motion to Amend Complaint with an attached Amended Complaint on December 20, 2019.  Doc. No. 5.  The Amended Complaint clarified the missing information concerning the named defendants, as requested in the Court's prior Order.  Like the initial Complaint, the Amended Complaint is brought under 42 U.S.C. § 1983 for violations of Plaintiff's First and Fourteenth Amendment rights, and for violations of the RLUIPA.  Doc. 8.  Plaintiff names eight defendants in their official capacity only: (1) Jeanie Semor; (2) Richard Wiskus; (3) Chuck Lotz; (4) Hannah Newmier; (5) Denice Hacker; (6) Dr. Kimberly Bye; (7) Brenda Swift; and (8) John Doe.  *Id.* at 2-6.

All Defendants were employed by the Missouri Department of Health at SORTS, during the relevant time period at issue.  *Id.*  Defendants Semor, Wiskus, Lotz, Newmier, and John Doe are described as voting members of the SORTS spiritual committee, also called the Green Belt Committee.  Plaintiff states that SORTS will not provide a written description of the precise responsibilities of the spiritual committee but he defines it as the committee "responsible for the development, maintaining of and the implementing of the restrictive and discriminating policies that are being challenged."  *Id.* at 6.  John Doe is described as an unnamed member of the

SORTS spiritual committee, Hacker is the Chief Operating Officer at SORTS, Bye is the Director of Treatment Services at SORTS, and Swift is the SORTS grievance coordinator. *Id.* at 2-7.

In the Amended Complaint, Plaintiff alleges the denial of thirty-two necessary items or accommodations for the practice of his religion. These items/accommodations include: (1) wands; (2) wooden athames;[1] (3) "idols/status";[2] (4) robes; (5) chalices; (6) books; (7) religious ceremonies on the day of holidays; (8) nighttime accommodations for full moon and sabbat (holy days) ceremonies; (9) non-sexual nude images; (10) open flame fires; (11) three hours of time on sabbats; (12) wine for consumption on sabbats; (13) dream catchers; (14) rugs; (15) bracelets with charms; (16) rings with religious symbols and stones; (17) tattoos; (18) smudging personal religious items;[3] (19) access to news programs and shows that "allow practicing WICCANS to be informed about politics and social issues"; (20) tea light candles for personal inside use; (21) food on the Sabbath; (22) alter cloths; (23) alters; (24) foreign languages; (25) religious oils; (26) face painting; (27) pentacle plates;[4] (28) pipes; (29) musical instruments; (30) Ouija boards or spirit boards; (31) time outside daily; and (32) a room for personal religious practice.[5] Doc. 8 at 8-10. For relief, Plaintiff seeks an order from the Court requiring Defendants "to come into

---

[1] Plaintiff describes a 'wooden athame' as "a non-sharpened religious knife made of wood." *Id.* at 3. However, an "athame" is defined as "a usually black-handled, double-edged dagger that is used in some neo-pagan and Wiccan rituals." *Merriam-Webster Online Dictionary* (Nov. 12, 2019, 2:34 PM), https://www.merriam-webster.com/dictionary/athame.

[2] Plaintiff labelled this item as "Idols/Status" which the Court interprets as meaning "idols" and "statues." Doc. 1 at 3.

[3] Plaintiff explains this item as "[b]urning sage to purify a religious item for use." *Id.* at 4.

[4] Plaintiff explains this item as a non-plastic, "small plate that has a pentagram on it." *Id.* at 5.

[5] This is the same list as included in Plaintiff's initial Complaint except that Plaintiff removed requested item 33 which was "Food donations to the Wiccan Religious Feast." *See* Doc. 1 at 6. Plaintiff explains in his Motion to Amend Complaint that this item was removed because "defendants have now changed that policy and allows donations from any religious group." Doc. 5 at 2.

compliance" with his constitutional and RLUIPA rights. *Id.* at 29. Plaintiff also requests: "All legal cost and actual cost and any other damages and/or relief the court deems fit." *Id.*

On April 24, 2020, the Court granted Plaintiff's Motion to Amend and directed the Clerk of Court to issue process on the Amended Complaint. In response, on June 23, 2020, Defendants filed a Motion to Dismiss the Amended Complaint. Docs. 11, 12. However, on August 21, 2020, Plaintiff filed a Second Amended Complaint, mooting the then-pending Motion to Dismiss filed by Defendants. Doc. 18. The only difference between the Amended and Second Amended Complaints is that the Second Amended Complaint clarifies that the relevant time period at issue is "Feb 10 2017 to present day." Doc. 18 at 2 ¶ 8. Otherwise, the Complaints are identical.

## Motion to Dismiss

### I.    Arguments of the Parties

Now before the Court is Defendants' second Motion to Dismiss, filed September 2, 2020. Defendants[6] argue that Plaintiff's Second Amended Complaint (hereinafter "Complaint") is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and because defendants are entitled to certain immunities. Doc. 21 at 1. Alternatively, Defendants move for an Order requiring Plaintiff to make a more definite statement of the matters in the Complaint, pursuant to Federal Rule of Civil Procedure 12(e). Doc. 20 at 2.

---

[6] The Motion to Dismiss is filed by all specifically named defendants in this matter. Counsel for Defendants has not waived service or entered on behalf of John Doe because they believe that "Plaintiff has not provided sufficient information to be able to identify Jane/John Doe." Doc. 20 at 1 n.1.

As stated in the Court's prior Order, in general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). However, an action may proceed against a party whose name is unknown, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, Plaintiff identifies John Doe as an unnamed member of the SORTS spiritual committee. This is sufficiently specific to allow the case to proceed against John Doe. The Court notes that the Case Management Order entered separately has a specific deadline by which Plaintiff is required to file a motion of substitution naming the correct legal name of defendant John Doe.

Defendants first argue that because Plaintiff is only seeking money damages in this case, the Complaint is barred by sovereign immunity.  Defendants are named in their official capacities only and they are employees of the State of Missouri.  Therefore, Defendants argue that the Eleventh Amendment bars the recovery of money damages because such immunity has not been waived by the State.  In response,[7] Plaintiff clarifies that he does "not only seek monetary damages," stating that his Complaint also requests "any and all further relief as this Court deems just and proper."  Doc. 15 at 2; Doc. 18 at 29.  Defendants' reply that such a vague and open-ended request for relief is not enough to allow money damages in a case where sovereign immunity bars such relief.

In a related argument, Defendants assert that Plaintiff's claims under 42 U.S.C. § 1983 fail because he has only named the defendants in their official capacities.  Official-capacity claims are equivalent to claims against Defendants' employer, the State of Missouri, and because the State of Missouri is not a "person" as required for a claim under § 1983, Defendants argue that these claims should be dismissed.  In response, Plaintiff seems to merge RLUIPA claims together with § 1983 claims and argue that such claims are properly brought as official capacity claims.

Defendants next argue that Plaintiff's Complaint should be dismissed because he fails to plead sufficient facts to state a claim for relief under the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  According to Defendants, Plaintiff only pleaded conclusory allegations and does not specify the policy or decision that restricted his access to the religious materials.  They argue that Plaintiff has not sufficiently alleged facts explaining how each named defendant is personally responsible for wrongdoing.  Defendants also assert that Plaintiff has

---

[7] Plaintiff submitted a brief in response to Defendants' second motion to dismiss, Doc. 29, that refers the Court to the arguments made in his response to Defendants' first motion to dismiss (Doc. 15).  The Court has considered both briefs in this Order.

- 5 -

provided no evidence of how a lack of the religious items has substantially burdened Plaintiff's religious practice. Defendants rely on *Strutton v. Meade*, which found no substantial burden on religious practice when a civilly committed plaintiff was denied a second weekly religious practice. 2010 WL 1253715, at *48-50 (E.D. Mo. Mar. 31, 2010) (after a six day trial on multiple issues, the Court held, *inter alia*, that plaintiff's First Amendment and RLUIPA rights were not infringed or substantially burdened by the denial of a second weekly religious service).

Plaintiff responds by restating and clarifying the involvement of each named defendant in the denial of the requested religious materials. Defendants Semor, Wiskus, Lotz, and Newmier were all voting members of the SORTS spiritual committee which makes the rules and regulations regarding religious materials at the facility. Semor is the head of the spiritual committee. Lotz is also the facility Chaplain. Defendant Swift is the grievance coordinator and head of the committee that determines whether a resident can grieve a specific issue. According to Plaintiff, Swift enforces policies created by the spiritual committee. Also, Swift's grievance committee voted not to allow Plaintiff to grieve the lack of religious materials which he complains about in this suit. Defendant Bye is the director of treatment services and is responsible for the policies and restrictions that Plaintiff is challenging. Finally, defendant Hacker is the chief operating officer at SORTS and she had the final say in the policies and implementation of the policies which have restricted Plaintiff's access to religious materials.

In reply, Defendants again assert that Plaintiff has not pleaded sufficient facts to connect misconduct to each specific defendant and to state a valid claim for relief. Defendants argue that Plaintiff's concession that the State has a compelling interest in restricting access to certain materials, but that they are not using the least restrictive means, is too conclusory of a statement to survive review. Defendants assert that Plaintiff must plead specific facts of alternative, less restrictive means in order to survive dismissal. Also, Defendants argue that Plaintiff must show

a substantial burden on his ability to practice his religion in order to state a claim for relief under the First Amendment and RLUIPA.

Finally, Defendants argue that Plaintiff is not entitled to legal fees in this matter. Defendants admit that such fees are at the discretion of the Court, but they assert that they should not be allowed because Plaintiff is self-represented and are not recoverable in this action. Plaintiff responds by stating that he "is only asking for legal cost if plaintiff is appointed or hires an attorney or any actual cost such as postage and copies." Doc. 15 at 7. Defendants reply that because Plaintiff is proceeding *pro se*, any legal fees should be barred.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations and citation omitted).

In civil rights actions, a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell*, 550 U.S. at 556. Therefore, a motion to dismiss a

complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

### III. Discussion

Plaintiff's Complaint alleges violations of his rights under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). As discussed in the Court's prior Order, RLUIPA only allows claims against prison authorities in their official capacities. *See Van Wyhe v. Reisch*, 581 F.3d 639, 646 (8th Cir. 2009); *Blake v. Cooper,* 2013 WL 523710, *1 (W.D. Mo. Feb. 12, 2013). As such, Plaintiff only named Defendants in their official capacities in his Complaint. However, as discussed below, Defendants are correct in asserting that official-capacity claims brought under 42 U.S.C. § 1983 are subject to dismissal against the named Defendants. Therefore, the official-capacity claims brought under 42 U.S.C. § 1983 will be dismissed.

On the other hand, the Court does not agree that Plaintiff is only seeking money damages in this case. In fact, in the Court's prior Order, the Court stated that Plaintiff was not seeking money damages at all. Doc. 7 at 9. Plaintiff has now clarified that he is not *only* seeking money damages. However, RLUIPA does not allow official-capacity claims for money damages. So, to the extent Plaintiff seeks monetary relief here under RLUIPA, the Court dismisses the claim. Despite this, the Court finds that Plaintiff's Complaint adequately alleges violations of RLUIPA to survive dismissal as to non-monetary relief.

### A. 42 U.S.C. § 1983 Claims Dismissed

Section 1983 provides a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978); ECF No. 18 at ¶ 1. Plaintiff's Complaint names Defendants in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v.*

*Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted).  Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  Here, Defendants are all employees of the State of Missouri.  Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights."  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will*, 491 U.S. at 71.  As such, Plaintiff's official-capacity claims under 42 U.S.C. § 1983 must be dismissed.

## B. RLUIPA Claims

The Religious Land Use and Institutionalized Persons Act (RLUIPA) provides, in relevant part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).  RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  42 U.S.C. § 2000cc-5(7)(A).

Plaintiff is a practitioner of Wicca, a religion recognized and accommodated by the Missouri Department of Corrections.  *See Izquierdo v. Crawford*, No. 1:05CV192 CDP, 2007 WL 2873210, at *1 (E.D. Mo. Sept. 26, 2007).  Plaintiff's alleges that the deprivation of thirty-

- 9 -

two necessary items or accommodations has substantially burdened the practice of his religion. Plaintiff describes the items as necessary for the practice of his beliefs. For many of these items, Plaintiff admits that the government has a compelling interest in limiting such items. For example, Plaintiff admits that there are safety reasons for limiting heavy idols, open flames, wine, rings with large stones, tattoos, candles, large alters, face painting, and time outside daily. Doc. 18 at 12, 17-18, 20-25, 27-28. Also, Plaintiff recognizes that there are space, staffing, and financial constraints that compel limitations on books, rugs, food on religious holidays, pentacle plates, musical instruments, use of rooms for personal religious practice, and accommodation of religious ceremonies on the day of the holiday. *Id.* at 13-15, 20, 26, 28.

However, Plaintiff argues that Defendants are not using the least restrictive means for furthering their governmental interest, as required by RLUIPA. For example, Plaintiff argues the unfairness or arbitrariness of a ban on robes for religious use while bathrobes are allowed for personal non-religious use; a ban on certain religious texts that contain non-sexual nude images while other publications containing similar images are censored and restricted as needed by caseworkers; and a ban on any personal religious items other than a Bible and personal books. Plaintiff seeks specific less restrictive allowances like LED battery-operated tea light candles in place of real candles; food on more religious holidays if paid for by practitioners; and larger sized alter cloths, similar in size to allowed bed sheets. *Id.* at 12, 16-17, 19, 22-24. Plaintiff specifically mentions allowances made for other groups that are not made for Wiccan practitioners: Native American prisoners are allowed dream catchers and pipes, and Catholics are allowed grape juice in place of wine for ceremonies. *Id.* at 19, 26.

Multiple cases cited by Defendants in support of their argument for dismissal for failure to state a claim are cases that were decided after fact-finding by a trial court. *See Hodgson v. Fabian*, 378 F. App'x 592 (8th Cir. 2010) (affirming district court's grant of summary

- 10 -

judgment); *Gladson v. Iowa Dep't of Corr.*, 551, F.3d 825 (8th Cir. 2009) (affirming judgment made based on magistrate judge's factual findings); *Strutton*, 2010 WL 1253715 (E.D. Mo. Mar. 31, 2010) (finding, *inter alia*, no RLUIPA violation after six day trial).

  This case is too early for fact finding and such dismissal arguments do not apply. To survive dismissal under Rule 12(b)(6), Plaintiff's complaint "does not need detailed factual allegations;" instead it need only "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. Plaintiff need not plead enough facts to prove he will ultimately prevail; he need only state a claim for relief under relevant law. Plaintiff alleges that the denial of these thirty-two items and accommodations is substantially burdening his religious exercise and that there are less restrictive means that would suffice to satisfy the government's compelling interests. Assuming the factual allegations are true and construing the Complaint in Plaintiff's favor, as necessary on a motion to dismiss, the Court finds that the allegations are sufficient to state a claim under RLUIPA. The Court cannot say beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief, and therefore dismissal is not appropriate. *Coleman*, 40 F.3d at 258.

  Similarly, Plaintiff sufficiently describes the involvement of each named Defendant for each Defendant to be on notice as to the claims being brought against him or her. Plaintiff clearly alleges in the Complaint that all named defendants are officials or employees of SORTS or the Missouri Department of Mental Health, and that they all have decision-making power at SORTS in regards to denying access to religious practice and materials – either by denying Plaintiff's ability to grievance the access issue or by making a spiritual committee decision that directly prevents Plaintiff's access to the item or accommodation. Again, at this stage in the litigation and accepting Plaintiff's allegations as true, the Complaint is specific enough as to each named Defendant to provide notice of the claims and accusations against them. *See Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

### C. Relief Available under RLUIPA

Furthermore, Defendants argue that this case should be dismissed because Plaintiff is only seeking money damages, which are barred by sovereign immunity. The Court agrees that to the extent Plaintiff seeks monetary damages under RLUIPA, such relief is not recoverable. However, the Court disagrees that Plaintiff is only seeking money damages.

In the absence of a waiver, the Eleventh Amendment[8] bars a suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). However, the Eleventh Amendment does not bar official-capacity claims for injunctive relief against state officials. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). In addition, RLUIPA allows official capacity claims against prison officials, but it does not authorize monetary damages based on official-capacity claims. *See Sossamon v. Texas,* 563 U.S. 277 (2011); *Van Wyhe v. Reisch*, 581 F.3d at 655.

The Court stated in its April 2020 Order that Plaintiff's Amended Complaint sought "access to the requested religious items . . . not [] money damages." Doc. No 7 at 9 (citing Doc. 5-1 at 28-29). However, Defendants point to the "Preliminary Statement" section of Plaintiff's Complaint, which says that he seeks "compensatory damages, cost, and all legal fees." Doc. 18 at ¶ 1. Plaintiff responds in his arguments against dismissal that he does "not only seek monetary damages." Doc. 15 at 2. The exact wording of the Complaint is as follows:

---

[8] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

> I ask that the court intervene and order the defendants to come into compliance with my First Amendment right to freedom of religious practice, my First Amendment right to freedom of Speech, RLUIPA and the state of Missouri's Sexual Violent Predators act which requires the state to hold its SORTS residents in the least restrictive environment possible, and provide me with the above. All legal cost and actual cost and any other damages and / or relief the court deems fit.

Doc. 18 at 29.

Plaintiff is asking the Court to order that Defendants allow him access to the requested religious items and accommodations. This language is clearly requesting injunctive relief. As such, this case is not subject to dismissal on grounds of Eleventh Amendment immunity. *See also Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) (stating that "as a general rule, requesting incorrect relief is not grounds for dismissal."). However, to the extent that Plaintiff is requesting money damages under RLUIPA, the Court agrees that such relief is not allowed. The Court dismisses Plaintiff's claims for money damages under RLUIPA.

Finally, Defendants also argue that Plaintiff is not entitled to legal costs in this action. Defendants note that Plaintiff is bringing this suit on his own behalf and that his own work is not entitled to attorneys' fees. Plaintiff responds that he would not request legal fees unless he was appointed an attorney, or he hired one. Plaintiff is currently proceeding *pro se* and there is no pending motion for appointment of counsel before the Court. Importantly, Defendants acknowledge that such fees are at the discretion of the Court. It would be premature at this early stage in the litigation to rule this issue now. Defendants may raise this issue later if needed.

### Motion for More Definite Statement

Alternatively, to dismissal, Defendants move for an Order requiring Plaintiff to make a more definite statement of the matters in the Complaint, pursuant to Federal Rule of Civil Procedure 12(e). Specifically, Defendants request that Plaintiff provide details on his previous actions taken to request each religious item or accommodation, and to provide more information on a document referred to in his Complaint as "Approved Religious Accommodations."

The federal pleading rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and that such a statement "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002) (internal quotes and citation omitted). Fed. R. Civ. P. 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Together these rules permit the court and the litigants to know, at the pleading stage, who is being sued and the grounds for the same, thereby facilitating the just, speedy, and inexpensive determination of the action." *Bay Indus., Inc. v. Tru–Arx Mfg., LLC*, No. 06-C-1010, 2006 WL 3469599, at *1 (E.D. Wis. Nov. 29, 2006).

In this case, the Court notes that Defendants' motion to dismiss, and the supporting memorandum, demonstrate their ability to articulate Plaintiff's claim enough to either admit or deny those claims in an answer. As such, Defendants will be required to file an answer to the Complaint within fourteen (14) days of this Order. Fed. R. Civ. P. 12(a)(4)(A). However, in the interests of keeping discovery proportional and productive, the Court will add a deadline to the Case Management Order, which will be separately entered, by which Plaintiff must provide Defendants with additional details on the religious items and accommodations requested by Plaintiff. As to Defendants' confusion on the "Approved Religious Accommodations" document, Plaintiff states in his response to Defendants' motion, that Defendants have control and possession of the document and that Plaintiff has only been allowed to view but not copy it. As such, Plaintiff will not be required to attach the document, as requested by Defendants.

Accordingly, the Court grants, in part, and denies, in part, [20] Defendants' Motion to Dismiss. The Court dismisses, without prejudice, Plaintiff's official-capacity claims brought under 42 U.S.C. § 1983 against Defendants. The Court also dismisses, without prejudice,

Plaintiff's claims for money damages brought under the Religious Land Use and Incarcerated Persons Act.  In all other respects, the Court denies Defendants' Motion.

The Court further orders that Defendants shall file an answer to Plaintiff's Second Amended Complaint within **fourteen (14) days** of the date of this Order.  A Partial Order of Dismissal and Case Management Order will be entered separately.

So Ordered this 21st day of January, 2021.

_SL R. CR_
_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE