**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ADAM DERBY, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-02271-SRC |
| | ) |
| RICHARD WISKUS, et al., | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

This matter comes before the Court on Plaintiff Adam Derby's Motion to Summit [sic] the Fallowing [sic] into Evidence and Motion for Appointment of Counsel. Docs. 42, 43. The Court denies both motions.

Local Rule 3.02 instructs that "discovery . . . shall not be filed with the Court *except* as exhibits to a motion or memorandum." Here, Derby seeks to file discovery with the Court and does not otherwise seek action from the Court regarding this discovery. Accordingly, the Court denies the motion because the sole purpose of the motion is to file discovery with the Court, which Local Rule 3.02 does not permit.

Derby also asks the Court to appoint him counsel in this matter. Doc. 43. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of

counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  At this juncture, this case is not factually complex and does not involve complex legal arguments, no conflicting testimony has been presented to the Court, and Derby has demonstrated he has the ability investigate the facts and present his claims with at least a basic understanding of the Rules of Civil Procedure.  Therefore, the Court denies Derby's request at this time.

So Ordered this 2nd day of March 2021.

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**