UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAM DERBY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 4:19-cv-02271-SRC |
| | ) |
| RICHARD WISKUS, et al., | ) |
| | ) |
|     Defendants. | ) |

**Memorandum and Order**

This matter comes before the Court on Plaintiff Adam Derby's pro se [46] Motion for Leave to take Depositions and Court Order for the State to Pay All Costs of and Provide a Stenographer, Room and Times for Depositions.

**I.     Background**

Derby is in the custody of the Missouri Department of Mental Health, pursuant to the Missouri Sexually Violent Predator Act, Mo. Rev. Stat. §632.480 *et seq.*, and is a resident of Southeast Missouri Mental Health Center's Sexual Offender Rehabilitation and Treatment Services program (SORTS) in Farmington.  Derby brought suit under 42 U.S.C. § 1983, alleging violations of his First Amendment right to freedom of religion and his Fourteenth Amendment right to equal protection, and violations of the Religious Land Use and Incarcerated Persons Act (RLUIPA), 42 U.S.C. §2000 *et seq.*  Doc. 1.

The Court reviewed Derby's complaint under 28 U.S.C. § 1915(e)(2) and directed him to file an amended complaint.  Doc. 3.  Derby's amended complaint alleges the same causes of action and names eight defendants in their official capacity only: (1) Jeanie Semor; (2) Richard Wiskus; (3) Chuck Lotz; (4) Hannah Newmier; (5) Denice Hacker; (6) Dr. Kimberly Bye; (7)

1

Brenda Swift; and (8) John Doe.  Doc. 8 at 2-6.  All Defendants were employed by the Missouri Department of Health's SORTS program during the relevant time period.  *Id*.

After Defendants moved to dismiss the amended complaint, Doc. 11, Derby filed a second amended complaint—the only difference between the two complaints being a change to the relevant time period.  *See* doc. 18.  Defendants then moved to dismiss the second amended complaint.  Doc. 20.  The Court granted, in part, and denied, in part, Defendants' motion to dismiss.  The Court dismissed Derby's official capacity claims brought under section 1983 as well as his claims for money damages under RULIPA.  Doc. 36.  The Court denied the motion in all other respects.  *Id*.

Derby now moves for leave to take depositions of certain individual defendants and non-parties as well as a court order for the state to pay all costs of and provide a stenographer, room, and times for depositions.  Doc. 46.  With Defendants filing their opposition and Derby filing his reply, Docs. 47, 48, the motion is now ripe for review.

**II.      Discussion**

Derby seeks leave of the Court to take the depositions of six individual defendants and four non-parties.  Specifically, he seeks to depose Defendants Janine Semar, Denise Hacker, Chuck Lotz, Richard Wiskus, Dr. Kimberly Bye, and Brenda Swift and non-parties Matt Roach, Chief Financial Officer of Southeast Missouri Mental Health Center's Sexual Offender Rehabilitation and Treatment Services, Crises Chamberlin, Head of Security for SMMHC-SORTS, Janel Lynn, and George Killion.  The Court first addresses whether it grants Derby leave to take depositions of the defendants and for the state to cover costs, before then assessing whether it may grant Derby leave to depose the non-parties.

### A.     Defendant depositions and costs

Defendants argue that because Derby is civilly committed at SMMHC-SORTS under Mo. Rev. Stat. §632.480 and each of the individual defendants he seeks to depose are currently employed at SMMHC-SORTS, the Court should deny Derby's request for leave for security reasons and to avoid subjecting the proposed deponents to oppression or undue burdens. Doc. 47 at 3.

"'[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *Leonard v. Nix*, 55 F.3d 370, 374 (8th Cir. 1995) (alterations in original) (quoting *Pell v. Procunier*, 417 U.S. 817, 822, (1974)). Based on this principle, courts have recognized that permitting an inmate-plaintiff to attend or take an oral deposition of a prison official would "pose a security risk and a threat to the general integrity of the prison." *In re Collins*, 73 F.3d 614 (6th Cir. 1995); *Jo Ann Howard & Assocs., P.C. v. Cassity*, No. 4:09CV01252 ERW, 2014 WL 1400125, at *1 n.1 (E.D. Mo. Apr. 10, 2014); *Bell v. Godinez*, No. 92 C 8447, 1995 WL 519970, at *2–3 (N.D. Ill. Aug. 30, 1995); *Muhammad v. Bunts,* No. 1:03CV228, 2006 WL 8442090, at *3–4 (N.D.W. Va. Oct. 2, 2006). However, with the Federal Rules of Civil Procedure permitting both oral depositions and depositions by written questions, *see* Fed. R. Civ. P. 30, 31, courts in this district and throughout the country have permitted inmate-plaintiffs to take depositions of prison officials by written questions. *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4019504, at *1 (E.D. Mo. Nov. 18, 2009); *Maher v. Tennessee*, No. 16-1314-JDT-CGC, 2019 WL 1339602, at *2 (W.D. Tenn. Mar. 25, 2019); *Muhammad*, 2006 WL 8442090, at *3–4; *Bell*, 1995 WL 519970 at *2–3.

Derby argues that the security concerns raised by Defendants may apply in prisons or other correctional facilities, but do not exist here because, by Defendants' own admission, SMMHC-

3

SORTS is not a correctional facility like the one described in *In re Wilkinson*, 137 F.3d 911, 914 (6th Cir. 1998). Doc. 47 at 3; Doc. 48. To underscore the difference between SORTS and prisons, Derby argues that the Supreme Court has "held that civility [sic] committed individuals are entitled to more considerate treatment and conditions of confinement then criminals." Doc. 48 at 3 (citing *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)). But *Youngberg* involved a mentally retarded individual that had been involuntary committed solely because of his mental condition, and is thus distinguishable because Derby was committed based on his own actions as a violent sexual predator. Moreover, the Eighth Circuit has recognized that individuals civilly committed to SORTS are "subject to the same safety and security concerns[]" as imprisoned individuals. *Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016) (citing *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004)).

Additionally, Derby is civilly committed at SMMHC-SORTS under Mo. Rev. Stat. §632.480 *et seq.*, which requires individuals deemed sexual violent predators to be housed at an "appropriate *secure* facility," such as SMMCH-SORTS. Mo. Rev. Stat. §632.489(1); *Ingrassia v. Schafer*, 719 F. App'x 536, 537 (8th Cir. 2018). Missouri law permits appropriate measures to be deployed to maintain safety and security at facilities occupied by individuals civilly committed under Mo. Rev. Stat. §632.480 *et seq*. *See* Mo. Ann. Stat. § 630.175)(4) (describing security escort devices that can be permissibly used to maintain safety and security for individual committed under Chapter 632); *see also* Missouri Department of Mental Health, Visiting Hours, https://dmh.mo.gov/smmhc/sorts/visiting-hours (last visited May 18, 2021) (describing visiting regulations at SMMHC-SORTS for security purposes). Accordingly, the Court concludes that security concerns raised by Defendants likewise exist at SMMHC-SORTS and thus support the Court's conclusion that oral depositions are not appropriate in this case.

4

For the reasons stated above, the Court grants Derby leave to take depositions by written questions of Defendants Janine Semar, Denise Hacker, Chuck Lotz, Richard Wiskus, Dr. Kimberly Bye, and Brenda Swift. Because the Court grants leave only to take depositions by written questions, Derby's request that Defendants pay all costs of and provide a stenographer, room and times for depositions is moot, and the Court therefore denies Derby's request on that basis.

## B.   Depositions of non-parties

Derby also seeks leave to take the depositions of non-parties Matt Roach, Crises Chamberlin, Janel Lynn, and Gorge [sic] Killian. Despite being a pro se litigant, Derby is "not excused from complying with . . . substantive and procedural law." *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988). A subpoena pursuant to Federal Rule of Civil Procedure 45 "is required to compel the attendance of a nonparty witness." 9A Fed. Prac. & Proc. Civ. § 2460 (3d ed.); *see also Prescott v. LivaNova PLC*, No. 4:16-CV-00472 JAJ/SBJ, 2017 WL 9486194, at *5–6 (S.D. Iowa Mar. 24, 2017).

Additionally, while these individuals are employed by SORTS, Derby did not name SORTS as a party in this case. Therefore, these individuals cannot be noticed to appear at a deposition as an officer, director, or managing agent of a named party pursuant to Federal Rule of Civil Procedure 30(b)(6). Because Roach, Chamberlin, Lynn, and Killian are not parties to this action, and Derby has not shown that any of these individuals is an officer, director, or managing agent of a party to the action, Derby must subpoena these individuals pursuant to Federal Rule of Civil Procedure 45. *Prescott*, 2017 WL 9486194, at *6. Accordingly, the Court denies Derby's motion for leave of court to take the depositions of Roach, Chamberlin, Lynn, and Killian, without

5

prejudice.  At this time, the Court takes no position on any security or other considerations regarding depositions of these individuals.

### III. Conclusion

The Court grants Derby leave to take depositions by written questions pursuant to Federal Rule of Civil Procedure 31 of Defendants Janine Semar, Denise Hacker, Chuck Lotz, Richard Wiskus, Dr. Kimberly Bye, and Brenda Swift.  The Court denies Derby's request that Defendants pay all cost [sic] of and provide a stenographer, room and times for depositions as moot.  The Court denies Derby's motion for leave of court to take depositions of non-parties Matt Roach, Crises Chamberlin, Janel Lynn, and Gorge [sic] Killian, without prejudice.

So Ordered this 28th day of May 2021.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**