UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAM DERBY, | ) |
| Plaintiff(s), | ) ) ) |
| v. | ) ) Case No.  4:19-cv-02271-SRC |
| RICHARD WISKUS, et al., | ) ) ) |
| Defendant(s). | ) ) |

**<u>Memorandum and Order</u>**

After a bench trial on Adam Derby's claims under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), but before the Court issued a judgment, Derby filed a motion to enforce settlement, claiming that the parties had reached a settlement during the trial.  Defendants only disputed whether the parties' settlement included a provision regarding enforcement.  Finding that the parties' settlement agreement did include an enforcement provision, the Court granted the motion to enforce settlement and ordered the parties to file a joint stipulation for a consent judgement, as contemplated by their settlement.  Doc. 146.

In the Court's Memorandum and Order granting Derby's motion to enforce settlement, the Court recounted the background of the case, including the events leading to Derby's motion to enforce settlement.  Doc. 146 at pp. 2–11.  The Court does not repeat that background here.  After the Court issued its ruling on Derby's motion to enforce settlement, Defendants filed a three-page motion for reconsideration "pursuant to Fed. R. Civ. P. 59 and 60," asking the Court to "reconsider its order enforcing a consent judgment" and, for the first time, arguing that their counsel lacked authority to agree to a consent judgment and requesting an evidentiary hearing. Doc. 147.

In addition to opposing the motion for reconsideration, Doc. 152, Derby filed a motion for leave to file a proposed final judgment, Doc. 148, as well as a motion for contempt, Doc. 150. All three motions are briefed and ready for the Court's consideration. *See* Docs. 147–52, 154–55. For the reasons explained below, the Court denies the motion for reconsideration in large part and grants the motion in part only as to ordering Defendants to enter into a consent judgment. The Court denies as moot Derby's motion for leave to file a proposed final judgment and denies his motion for contempt.

**I.      Standard**

The Federal Rules of Civil Procedure do not mention motions for reconsideration. *See Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). Thus, courts typically construe motions for reconsideration as either a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). A district court has wide discretion over whether to grant a motion for reconsideration, *In re Charter Commc'ns, Inc., Sec. Litig.*, 443 F.3d 987, 993 (8th Cir. 2006), and reversal is only granted "for a clear abuse of discretion," *Paris Limousine of Okla., LLC v. Exec. Coach Builders, Inc.*, 867 F.3d 871, 873 (8th Cir. 2017) (citation omitted).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). "They are not to be used to 'introduce new evidence that could have been adduced during pendency' of the motion at issue." *Id.* (quoting *Hagerman*, 839 F.2d at 414).

A motion for reconsideration is also not the appropriate place to "tender new legal theories for the first time." *Id.* (quoting *Hagerman*, 839 F.2d at 414). Similarly, a "motion to

alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman*, 839 F.2d at 414 (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)); *see also Whitlock v. Midwest Acceptance Corp.*, 575 F.2d 652, 653 n.1 (8th Cir. 1978) (holding that district court properly denied plaintiffs' motion for relief of judgment based on newly submitted affidavits which tended to prove plaintiffs' allegations where the information in the affidavits had been available prior to entry of summary judgment and plaintiffs failed to explain why the affidavits were not submitted earlier)).

**II.    Discussion**

The Court addresses each of the pending motions in turn.

**A.    Defendants' motion for reconsideration**

In their motion for reconsideration, Defendants argue, based on purported inconsistencies in the parties' stipulations of fact, that no "meeting of the minds" took place. Doc. 147 at ¶¶ 5–10.  Defendants also argue that "the Court lacks authority to order Defendants to consent to a Consent Judgment without their consent." *Id.* at ¶ 13.  Further, Defendants offer a purported justification for not previously presenting evidence on the issue of authority, and "request the opportunity to present such evidence" along with evidence on the issue of purported inconsistencies in the parties' settlement agreement. *Id.* at ¶¶ 11–12.  Derby opposes the motion, arguing that Defendants "merely seek another opportunity to present different evidence and argue new legal theories that Defendants could have previously presented" in their response to his motion to enforce settlement. Doc. 152.  The Court first addresses the nature of the Court's prior Order, then addresses each of Defendants' arguments.

3

### 1. Nature of the Court's prior Memorandum and Order

As an initial matter, the Court notes that Defendants filed their motion for reconsideration "pursuant to Fed. R. Civ. P. 59 or 60," without further explanation. Because the standard of review on appeal of a Rule 59 motion differs from that of a Rule 60 motion, the Court first must determine which rule governs here. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (noting that "the standard of review and the precise questions on appeal" depend on the characterization of a motion for reconsideration, because, among other things, "[a]n appeal of a Rule 60(b) motion does not bring up the underlying judgment or order for review").

"Although the Federal Rules of Civil Procedure do not mention motions to reconsider," the Eight Circuit has held that "when the motion is made in response to a final order . . . Rule 59(e) applies." *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000) (citing *Broadway*, 193 F.3d at 989). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "'No statute or rule specifies the essential elements of a final judgment'; what is required is 'some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as the court is concerned, is the end of the case.'" *Minnesota v. Kalman W. Abrams Metals, Inc.*, 155 F.3d 1019, 1023 (8th Cir. 1998) (quoting *Goodwin v. United States*, 67 F.3d 149, 151 (8th Cir. 1995)).

In *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, the district court entered an "order indicating its intent to enter an order enforcing the settlement agreement." 528 F.3d 556, 560 n.2 (8th Cir. 2008). The Eighth Circuit noted that while it did not need to decide whether the order was a "final order," the district court's "only remaining task, entering the judgment, was 'ministerial'" because the district court had "made an unequivocal statement that it had decided to grant [the] motion to enforce . . . ." *Id.* (citing *Kalman*, 155 F.3d at 1023).

4

In response to Derby's motion for contempt, Defendants argue that this case is "markedly different" from *Bath Junkie*, and that the Court's order enforcing settlement was not a "final, appealable judgment." Doc. 154 at pp. 4–5. The Court disagrees. As in *Bath Junkie*, the Court "made an unequivocal statement" that the parties had settled the case and that the Court intended to enforce the settlement. Doc. 146; *see Bath Junkie*, 528 F.3d at 560 n.2. The Court specified the terms of the settlement, including the enforcement provision. Doc. 146 at p. 20. The Court concludes that as in *Bath Junkie*, its only remaining task—to enter judgment pursuant to the parties' stipulation—was "ministerial." *See* Doc. 146 at p. 20; *Bath Junkie*, 528 F.3d at 560 n.2; *Kalman*, 155 F.3d at 1023. Thus, the Court's Order granting Derby's motion to enforce settlement, Doc. 146, was a "final order," and the Court construes Defendants' motion for reconsideration as a motion under Rule 59(e). *See Schoffstall*, 223 F.3d at 827.

### 2. Purported factual inconsistencies

In their motion for reconsideration, Defendants argue that the existence of several purported factual inconsistencies means there was no "mutuality of assent to the terms of the contract" and thus no "meeting of the minds" between the parties. Doc. 147 at ¶¶ 5–10.

However, as Derby correctly points out, Doc. 152 at p. 9, Defendants failed to raise this factual-inconsistency argument when opposing Derby's motion to enforce settlement. *See* Doc. 142 (Defendants' Memorandum in Opposition to Plaintiff's Motion to Enforce Settlement). In fact, in their brief opposing the motion to enforce settlement, Defendants acknowledged that the parties had reached an agreement regarding all of Derby's requests for accommodation, citing the parties' joint stipulation of facts, as well as Derby's description of the parties' agreement regarding the five requests for accommodation on which the parties went to trial. Doc. 142 at pp. 1–2 (first citing Doc. 110 at pp. 3–6; and then citing Doc. 138 at ¶ 35). At that time, Defendants'

5

only argument was that the parties had not reached an agreement on the issue of enforcement. Doc. 142 at p. 4.

Defendants do not contend that they were unable to raise the factual-inconsistency issue before the Court ruled on Derby's motion to enforce settlement; nor do they argue why any evidence they would present on the issue was unavailable earlier. *See* Doc. 147. Accordingly, their factual-inconsistency argument lacks merit. *See Hagerman*, 839 F.2d at 414.

### 3.    Consent judgment

The Court previously agreed with Derby that the parties' settlement included the provision that "Mr. Derby retained the right to seek prevailing party attorney's fees, [Mr. LeMoine] would stay on as counsel for Mr. Derby for enforcement purposes, the settlement would be embodied in a Court order, and the Court would retain jurisdiction for enforcement purposes." Doc. 146 at pp. 19–20 (quoting Doc. 138-1 at ¶ 40(f)). Accordingly, the Court ordered the parties to "file a joint stipulation for a consent judgment . . . incorporating the terms the parties agree on, *see* Doc. 110 at ¶ 21; Doc. 138-1 at ¶ 40; Doc. 142 at p. 2, as well as the enforcement term as stated above." Doc. 148 at p. 20.

In their motion for reconsideration, and in their response to Derby's motion for contempt, Defendants argue that the Court "lacks authority to order Defendants to consent to a Consent Judgment without their consent." Doc. 147 at ¶ 13. Defendants' position is that—having granted Derby's motion to enforce settlement—the Court should instead "enter judgment as it sees fit." Doc. 154 at p. 3.

Derby disagrees with Defendants' characterization of the Court's prior Order, maintaining that the Court merely "determined that a settlement between the parties was reached, a material of term [sic] of which was the entry of a consent order by the Court." Doc. 152 at

p. 15. Nevertheless, in a "good faith attempt to comply with the Court's Order," Derby filed his own proposed final judgment, noting that "it has become clear that the Defendants do not believe they can consent to a final judgment or to the Court's continuing jurisdiction without waiving their right to appeal the order." Docs. 148; 148-1.

Having found that the parties agreed to entry of a consent judgment, the Court properly ordered the parties to perform that agreement, including by entering into that consent judgment. Doc. 146.  However, the Court agrees with the parties that, having granted Derby's motion to enforce settlement, the Court also could enter judgment enforcing the settlement.  Doc. 146 (finding that the parties' agreement included, among others, that "the settlement would be embodied in a Court order, and the Court would retain jurisdiction for enforcement purposes"). Accordingly, the Court grants Defendants' motion for reconsideration in part, insofar as the Court now enters a separate judgment incorporating the terms of the parties' settlement.

### 4. Request for an evidentiary hearing

In its Order granting Derby's motion to enforce settlement, the Court addressed the issue of counsel for Defendants' authority to settle the case, noting that "[a]lthough Derby briefed the issue of authority, *see* Doc. 139 at pp. 11–13, Defendants did not introduce affidavits or request an evidentiary hearing on the issue and did not address it anywhere in their response to Derby's motion to enforce, *see generally* Doc. 142." Doc. 146 at p. 18.  The Court "agree[d] with Derby that counsel for Defendants represented that she had authority to settle the case" and that "the presumption of authority to settle the case applies[.]" *Id.*  Noting Defendants' "fail[ure] to make any argument whatsoever regarding the issue of authority," the Court determined that it "need not address [the issue of authority] further." Doc. 146 at p. 19.

In their motion for reconsideration, Defendants explain that they did not previously address the issue of authority or introduce evidence regarding the issue because they did not appreciate that such evidence was necessary or that the Court would entertain it. Doc. 147 at ¶ 11. However, "[g]iven the Court's pronouncement," Defendants now "request the opportunity to present such evidence." Doc. 147 at ¶ 11. In their motion for reconsideration, Defendants do not explain what evidence they would present, *see id.*; however, they later provided affidavits from Denise Thomas and Jeremiah Morgan, attaching the affidavits to Defendants' response to Derby's motion for contempt. *See* Docs. 154-1, 154-2.

As an initial matter, the Court notes that, as in *Bath Junkie*, Defendants did not request an evidentiary hearing until *after* the Court considered the arguments and affidavit in their response to the motion to enforce settlement and "announced [the Court's] decision to enforce the settlement agreement." 528 F.3d at 560. Like the party seeking an evidentiary hearing in *Bath Junkie*, Defendants "should have requested an evidentiary hearing to introduce evidence 'outside the record' under Federal Rule of Civil Procedure 43(c) before the [Court] announced its decision to enforce the settlement agreement." *Bath Junkie*, 528 F.3d at 560.

Further, as in *Bath Junkie*, when considering the briefing on the motion to enforce settlement, the Court "had no basis to believe that either party desired an evidentiary hearing or had even suggested that the submission of additional evidence, beyond that accompanying their motions, would be necessary or helpful." 528 F.3d at 561. Despite Derby's devoting more than two pages of his initial brief to the issue of authority, *see* Doc. 139 at pp. 11–13, Defendants did not address the issue in their response, Doc. 142. Given that Derby squarely addressed the issue, Defendants' explanation that they did not "understand" that the Court would consider evidence regarding authority, or that such evidence was necessary, Doc. 147 at ¶ 11, does not come close

8

to satisfying the requirement to show that the evidence was unavailable during the pendency of the motion to enforce settlement, *Arnold*, 627 F.3d at 721.  Nor does it show that the Court made a "manifest error of law or fact" in ruling on Derby's motion to enforce settlement without *sua sponte* holding an evidentiary hearing.  *See Arnold*, 627 F.3d at 721; *Bath Junkie*, 528 F.3d at 561.

Defendants also explain that they believed any evidence of the parties' settlement discussions "would be inadmissible in this proceeding."  Doc. 147 at ¶ 12.  For support, Defendants cite Rule 408 of the Federal Rules of Evidence, which provides that evidence of settlement discussions is not admissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  However, the Rule also contains an exception clause, stating that "[t]he court may admit this evidence for another purpose."  Fed. R. Evid. 408(b).  As Derby correctly points out, Doc. 152 at pp. 14–15, in the context of a motion to enforce settlement, the validity of Derby's underlying claims is not at issue; rather, the issue is whether the parties reached a settlement agreement, and Rule 408 simply does not apply.  *See* Doc. 146 at pp. 11–12 (reciting the applicable standard for a motion to enforce settlement).

Defendants' reliance on *Zasaretti-Becton v. Habitat Co. of Missouri, LLC*, No. 12-CV-00587-DDN, 2013 WL 239171 (E.D. Mo. Jan. 22, 2013), an age-discrimination and wrongful-discharge action under the Missouri Human Rights Act, is also misplaced.  That case involved two claims:  1) plaintiff's claim of age discrimination, and 2) plaintiff's claim that defendant wrongfully discharged her for pursuing the age-discrimination claim.  In the second claim, the plaintiff claimed that statements that defendant and a mediator made in the course of mediating plaintiff's first claim proved plaintiff's second claim.  In analyzing the admissibility of

9

statements made in mediating the first claim were admissible to prove the second claim, the court held that Rule 408 did *not* bar the admissibility of first-claim statements in the second claim. The court also noted that although the defendants argued that the parties had reached a settlement agreement, "[t]he issue of settlement or not [was] not now before the court." *Id.*   Neither the case nor Rule 408 lends any support to Defendants here.

In sum, Defendants' motion for reconsideration and request for an evidentiary hearing fail because:  (1) they have not shown that the evidence they seek to introduce is "newly discovered," *see Arnold*, 627 F.3d at 721; (2) they fail to explain why they could not have raised their lack-of-authority argument earlier, *see Hagerman*, 839 F.2d at 414, particularly when they were on notice of the authority issue given Derby's having well developed it; and (3) their explanation for why they did not submit additional evidence earlier lacks merit, *see Whitlock*, 575 F.2d at 653 n.1.

**B.    Derby's motion for leave to file a proposed final judgment**

While the parties were briefing Defendants' motion for reconsideration, Derby filed a motion for leave to file an accompanying proposed final judgment.  Docs. 148, 148-1. Defendants opposed the motion, reiterating the arguments in their motion for reconsideration and stating that they do not "waive[] any right of appeal."  Doc. 149.

As explained above, the Court grants in part Defendants' motion for reconsideration (only as to ordering Defendants to enter into a consent judgment), and a separate judgment incorporating the parties' settlement accompanies this Memorandum and Order.  The Court therefore denies Derby's motion for leave to file a proposed final judgment as moot.

10

C. **Derby's motion for civil contempt**

The Court next turns to Derby's motion for civil contempt. Doc. 150. Derby argues that the Defendants "have refused to comply" with the Court's order enforcing settlement, and that the refusal "is willful, knowing and intentional." *Id.* Derby points out that the Defendants waited to file their motion for reconsideration until after business hours on the date the Court set for the parties to comply with the Court's order enforcing settlement, and suggests several alternative courses of action Defendants could have taken. *Id.* at p. 3. Derby also argues that Defendants' motion-for-reconsideration arguments are "nothing more than an attempt to camouflage their contempt of the Court's Order." *Id.*

"Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both. . . . A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (citations omitted). "A contempt order must be based on a party's failure to comply with a 'clear and specific' underlying order." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006) (quoting *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 418 (8th Cir. 2002)).

As explained above, the Court grants Defendants' motion for reconsideration in part. Because the Court enters an accompanying judgment incorporating the parties' settlement agreement, the Court need not, at this stage, employ civil contempt to coerce Defendants into compliance. *See Chicago Truck Drivers*, 207 F.3d at 505.

Further, notwithstanding Defendants' obligation to promptly comply with the Court's orders, *see Maness v. Meyers*, 419 U.S. 449, 458 (1957), the federal rules do (albeit indirectly)

allow for motions for reconsideration. Thus, whether Defendants' actions are contemptuous depends to some extent on the merits of their motion. The Court concludes that Defendants' arguments are not so frivolous as to render their motion for reconsideration contemptuous. The Court further finds that when it addresses Derby's motion for fees as prevailing party, it can address the fees Derby incurred in responding to Defendants' motion for reconsideration. Accordingly, the Court denies Derby's motion for contempt.

## III.  Conclusion

For the reasons stated above, the Court grants in part and denies in part Defendants' [147] Motion for Reconsideration, granting the motion only as to ordering Defendants to enter into a consent judgment. A separate judgment accompanies this Memorandum and Order, incorporating the terms of the parties' settlement, as previously determined by the Court. The Court denies Derby's [150] Motion for Finding of Civil Contempt. The Court denies as moot Derby's [148] Motion for Leave to File Proposed Final Judgment.

So Ordered this 20th day of March 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE